**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             Case No. 04-80729

JESSIE JAMES WASHINGTON,

    Defendant.
                                                 /

**ORDER DENYING ORAL REQUEST FOR VOLUNTARY SURRENDER**

On June 26, 2013, Defendant Jesse James Washington, who is currently serving a state sentence, appeared before the court for a supervised release violation hearing. During the hearing, the court found that Defendant Washington had indeed violated the terms of his supervised release, revoked his release, and imposed sentence accordingly.

Defendant then requested that he be allowed to surrender voluntarily at the conclusion of the state sentence, because that would allow him to be eligible for the "trustee program," which allows inmates to work in and around the facility, and sometimes off site as well. If allowed to voluntarily surrender, Defendant would also be eligible for other programs, which may result in a reduction of his state sentence. The court neither granted nor denied the request at the June 26 hearing, but directed Defendant's probation officer to look into the mechanics of such a request.

According to the probation officer, in order to most efficiently accommodate Defendant's request, this court would need to set a date certain for Defendant's

surrender, the timing to occur sometime after Defendant's expected release from the state sentence. This the court cannot do, because the court (nor anyone else, apparently) does not know the timing of Defendant's release; and without a "hold" or "detainer," the Oakland County Jail would not notify anyone–including the Bureau of Prison or the United States Probation Department–of Defendant's release when it occurs. The federal "hold" that Defendant seeks to avoid is the only mechanism that would allow the federal prison system to know that Defendant requires a date by which to self-report. The court but applauds Defendant's desire to work, but finds his request to self-report to be mechanically unworkable.

Accordingly,

IT IS ORDERED that the Defendant's oral request for a voluntary surrender is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 13, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 13, 2013, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522